Argued March 8, affirmed May 2, rehearing denied May 31, 1978

HECKENLAIBLE, *Appellant,*
*v.*
FROMHERZ, *Respondent.*
(No. 23844, SC No. 25364)
577 P2d 523

Steve Anderson, Salem, argued the cause and filed briefs for appellant.

Donald R. Jacobs, Salem, argued the cause for respondent. With him on the brief was Paul M. Ferder, Salem.

Before Denecke, Chief Justice, Holman and Howell, Justices, and Joseph, Justice Pro Tempore.

HOLMAN, J.

**HOLMAN, J.**

This is an action for a commission brought upon a listing agreement by a real estate broker against a seller of real property. The case was tried by the court without a jury and plaintiff appeals from a judgment for defendant.

On July 27, 1976, the parties entered into a listing agreement for a period of 60 days. About two weeks after the expiration of that period, plaintiff found a buyer from whom she secured a deposit, and a signed earnest money agreement which was presented to defendant. Defendant refused the transaction but shortly thereafter sold the property upon substantially the same terms to the same buyer. The trial judge held that plaintiff had failed to carry the burden of establishing a waiver or extension of the termination date of the listing agreement.

■ Plaintiff claims the trial court erred in that it was unnecessary for plaintiff to prove a waiver or extension in order to be able to recover. Plaintiff claims that under the undisputed facts she is entitled to recover under the terms of the listing agreement as a matter of law. The relevant part of the agreement is as follows:

"* * * In the event that you shall find a buyer ready and willing to enter into a deal for said price and terms, or at such other price and terms as I may accept, or that I am placed in contact with a buyer to or through whom at any time within 90 days after the termination of said employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission equal in amount to <u>seven</u> % of the above stated selling price. * * *."

■ Plaintiff argues that having found a buyer within 90 days from the expiration of the listing agreement, to whom defendant sold the property, plaintiff is entitled to recover. Defendant contends he is not liable under the agreement unless the purchaser is produced by plaintiff within the 60-day period of the listing agreement. It is our conclusion that defendant's contention is the correct one. Were it otherwise the listing

[ 201 ]

agreement, in effect, would have been for 150 days instead of 60. The language, "*within 90 days after the termination of said employment,*" clearly implies that the 90 additional days apply only to a purchaser produced during the 60-day period of the listing agreement, *i.e.,* the period of employment. The 90-day provision keeps the broker from being taken advantage of by a property owner's refusing a sale found by the broker during the period of the listing agreement and then completing the sale after the listing has expired. Presenting a seller with a buyer for the first time after the listing agreement has expired is no different than presenting a seller with a buyer when no agreement exists. The 90-day extension is not for the purpose of initiating new contacts by the broker.

Plaintiff contends that the listing agreement, in effect, provides for an exclusive right to sell for 60 days and for a non-exclusive right for 90 days thereafter, similar to the contract considered by this court in *Dean Vincent, Inc. v. Stearns,* 276 Or 533, 555 P2d 488 (1976). Although the written opinion does not demonstrate it clearly, the briefs show that the contract in that case had language in addition to that in the agreement here which made it a different kind of contract. We do not have such a contract as was considered in *Dean Vincent.*

The judgment of the trial court is affirmed.